

**FILED**
DEC 3 1 2014
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | | |
|---|---|---|
| PATRICIA M. LAWRENCE, | ) | CIVIL No. 14-_1027 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **COMPLAINT AND DEMAND** |
| vs. | ) | **FOR JURY TRIAL** |
| | ) | |
| FEATHERLITE, INCORPORATED, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, by and through her undersigned attorneys and for her Complaint against Defendant, states and alleges as follows:

### Parties

1. Plaintiff Patricia M. Lawrence, hereinafter 'Plaintiff Lawrence,' is a resident of Dewey County, South Dakota, and has been at all times material herein.

2. Defendant Featherlite, Incorporated, hereinafter 'Featherlite,' is a corporation organized and existing under the laws of a state other than South Dakota, with its principal place of business at Cresco, Iowa.

3. At all times material herein, Featherlite was engaged in the business of the design, production, sale and distribution of aluminum stock trailers and in supplying the same to customers in South Dakota.

### JURISDICTION

4. Jurisdiction of this action is based upon 28 U.S.C. § 1332, insomuch as there is complete diversity of citizenship and the amount in controversy, exclusive of interest and costs, exceeds the sum of Seventy-Five Thousand Dollars.

1

5. This action arises as a result of personal injury to Lawrence, who was injured due to the liability producing conduct of Featherlite within the State of South Dakota.

6. Prior to April 2, 2013, Doug Lawrence, the nephew of Plaintiff Lawrence, purchased a Featherlite stock trailer, hereinafter 'Featherlite Stock Trailer,' from Circle Diamond Ranch Supply in Mandan, North Dakota.

7. Plaintiff Lawrence and Doug Lawrence each have separate ranching operations in Walworth County, South Dakota, and assist each other as needed.

8. On or about April 2, 2013, Plaintiff Lawrence and Doug Lawrence were working together to move cattle from one area to another, assisted by Arlyn Lawrence, Cheryl Lawrence, Kari Jo Lawrence, Deb Lawrence and Wade Lawrence.

9. The Featherlite stock trailer was being utilized during the work to move cattle on or about April 2, 2013.

10. Plaintiff Lawrence was standing near the gate at the back of the Featherlite stock trailer with her right hand resting on the gate handle while a cow was being loaded into the trailer by means of a chute.

11. The cow, upon entering the stock trailer, bumped into the inside gate of the trailer, causing the inside gate to slam open very quickly. The owner's manual provided to Doug Lawrence at the time of the sale of the stock trailer made no mention of such a hazard and provided no instructions pertinent to this model of trailer as to how such an event was to be avoided.

12. Plaintiff Lawrence was unable to remove her hand from the gate handle before her

fingers were caught by the opening gate, resulting in the partial amputation of three of Plaintiff Lawrence's right fingers.

13. In addition to the agonizing pain caused by the loss of the fingers, Plaintiff Lawrence suffered intense and prolonged mental anguish as makeshift bandages were applied to her hand and her relatives searched for the detached portions of her fingers in hopes that they could be reattached, but after she was transported to a clinic in Mobridge, and thereafter by ambulance to a hospital in Bismark, North Dakota, the loss of the portions of Plaintiff Lawrence's fingers proved to be permanent.

14. Because of the injury, Plaintiff Lawrence was unable to participate in the 2013 calving of her cows, which commenced approximately two days after the amputation of her fingers. Plaintiff Lawrence attempted to obtain the help of her family and to hire workers aide in this critical time of her business, but the availability of help was limited and resulted in severe financial losses to Plaintiff Lawrence.

15. Plaintiff Lawrence suffered serious, debilitating and irreparable injuries from the partial amputation of three fingers on her right dominant hand, and incurred medical bills. She is seriously restricted in the activities of her life and business, including the use of common tools, stretching wire, roping and driving, and her recreational activities have been compromised. Plaintiff Lawrence will continue to experience in the future great pain, physical, mental and emotional suffering, mental anguish and impairment of capacity to enjoy life.

## COUNT ONE
## STRICT LIABILITY – DESIGN DEFECT

16. Plaintiff Lawrence reasserts and realleges each and every allegation contained in Paragraphs 1 through 15 of the Complaint as if set forth fully herein.

3

17. The Featherlite stock trailer was defective in its design, workmanship, construction and manufacture and as a result was defective, unsafe, and inadequate for the use for which it was made and intended to be used.

18. The defects in the Featherlite stock trailer include, but are not limited to:

    a. The lack of an adequate device to fasten the inner, sliding gate of the trailer in an open position while the trailer is being loaded or unloaded with cattle.

    b. The lack of an adequate safety mechanism to block the sudden opening of the inner, sliding gate of the trailer when the gate comes into contact with livestock being loaded into or unloaded rom the trailer.

    c. The lack of any warning or fair and adequate notice of the inherently dangerous condition existing as a result of the defective design and manufacture of the stock trailer.

    d. The lack of any adequate tests, studies or inspections before, during and after the design and manufacture of the stock trailer to determine whether the stock trailer was reasonably safe under foreseeable conditions of use.

19. The defects in the trailer were present when the trailer left Featherlite's control, and this dangerous and defective condition made the trailer an unreasonably dangerous product, for which Featherlite is strictly liable in tort for physical harm and damages resulting therefrom.

20. On or about April 2, 2013, as a direct, foreseeable and proximate result of Featherlite's defective design and manufacture of an unreasonably dangerous stock trailer, Plaintiff Lawrence sustained the damages described above.

## COUNT TWO
## NEGLIGENT DESIGN

21. Plaintiff Lawrence reasserts and realleges each and every allegation contained in Paragraphs 1 through 20 of the Complaint as if set forth fully herein.

22. At all times relevant, hereto, Featherlite undertook a duty to design, manufacture, distribute, sell, supply and otherwise place in the general stream of commerce, the stock trailer involved in the subject accident, and owed an affirmative duty to users, consumers and bystanders of said stock trailers, including Plaintiff Lawrence, to exercise reasonable care in designing, manufacturing, distributing, selling, supplying and otherwise placing in the general stream of commerce said stock trailer.

23. Featherlite owed an affirmative duty to the users and bystanders of said stock trailer to fully inspect and test said stock trailer for defects and to redesign or otherwise correct any such defects.

24. Featherlite knew or should have known the purpose for and conditions under which the stock trailer was to be used.

25. Featherlite failed to use the amount of care in designing and manufacturing the stock trailer that a reasonably careful designer or manufacturer would use in similar circumstances to avoid exposing others to a foreseeable risk of harm.

26. Featherlite, by and through its respective agents, servants, workmen, contractors and/or employees, was careless, negligent and otherwise liable in the following non-exclusive respects:

   a. Designing, manufacturing, distributing, selling, supplying and otherwise placing in the general stream of commerce a stock trailer that lacked an adequate device to

5

fasten the inner, sliding gate of the trailer in an open position while the trailer is being loaded or unloaded with cattle.

b. Designing, manufacturing, distributing, selling, supplying and otherwise placing in the general stream of commerce a stock trailer that lacked an adequate safety mechanism to block the sudden opening of the inner, sliding gate of the trailer when the gate came into contact with livestock being loaded into or unloaded from the trailer.

c. Designing, manufacturing, distributing, selling, supplying and otherwise placing in the general stream of commerce a stock trailer that lacked a warning or fair and adequate notice of the inherently dangerous condition existing as a result of the negligent design and manufacture of the stock trailer.

d. Designing, manufacturing, distributing, selling, supplying and otherwise placing in the general stream of commerce a stock trailer that lacked adequate tests, studies or inspections before, during and after the design and manufacture of the stock trailer to determine whether the stock trailer was reasonably safe under foreseeable conditions of use.

27. On or about April 2, 2013, as a direct and proximate result of the aforesaid negligence, carelessness and other liability producing conduct of Featherlite, Plaintiff Lawrence sustained the damages described above.

## COUNT THREE
## STRICT LIABILITY – FAILURE TO WARN

28. Plaintiff Lawrence reasserts and realleges each and every allegation contained in Paragraphs 1 through 27 of the Complaint as if set forth fully herein.

29. The danger that the inside gate of the stock trailer would slam open very quickly and cause injury if an animal bumped into the gate was an existing danger associated with a foreseeable use of the stock trailer.

30. No adequate warning was given the danger set forth herein.

31. As a result of this lack of adequate warning, the stock trailer was rendered defective and unreasonably dangerous.

32. The defective and unreasonably dangerous condition set forth herein existed at the time the stock trailer left the control of Featherlite.

33. The stock trailer was expected to and did reach its users, including Plaintiff Lawrence, without a substantial unforeseeable change in the condition that it was in when it left Featherlite's control.

34. The defective and unreasonably dangerous condition set forth herein was, on or about April 2, 2013, the direct, proximate and legal cause of the damages to Plaintiff Lawrence described above.

## COUNT FOUR
## NEGLIGENCE – FAILURE TO WARN

35. Plaintiff Lawrence reasserts and realleges each and every allegation contained in Paragraphs 1 through 34 of the Complaint as if set forth fully herein.

36. Featherlite knew or reasonably should have known that the stock trailer's gate was dangerous or was likely to be dangerous when used in a reasonably foreseeable manner.

37. Featherlite knew or reasonably should have known that users such as Plaintiff Lawrence would not realize the danger of the stock trailer gate.

38. Featherlite failed to exercise reasonable care and adequately warn of the danger or instruct on the safe use of the stock trailer's gate.

7

39. A reasonable manufacturer under the same or similar circumstances would have warned of the danger of the stock trailer's gate or instructed on the safe use of the stock trailer's gate.

40. Featherlite's failure to warn or instruct as to the stock trailer's gate was, on or about April 2, 2013, the direct, proximate and legal cause of the injury to Plaintiff Lawrence and the damages described above.

WHEREFORE, Plaintiff Lawrence prays for judgment against Featherlite as follows:

1. For actual expenses incurred in the treatment of the injuries sustained by Plaintiff Lawrence as a result of the accident and for actual expenses and costs, and prejudgment interest on medical bills and other special damages. Plaintiff also requests a reasonable sum of money for future medical expenses related to the incident;

2. For such monetary compensation as shall fully compensate Plaintiff Lawrence for the past and future pain and suffering and mental anguish, loss of enjoyment of life, loss of wages, loss of future earning capacity and loss of household services sustained by Plaintiff Lawrence to the date of trial and which is likely to continue into the future, in a sum to be determined by the jury;

3. For prejudgment interests on all sums certain that are unpaid;

4. For all costs and fees to which Plaintiff Lawrence may be entitled under South Dakota law;

5. For such other further relief as the Court may deem just and equitable.

## REQUEST FOR JURY TRIAL

Plaintiff Lawrence requests a trial by jury.

Dated this 25th day of November, 2014.

                    **COSTELLO, PORTER, HILL,**
                    **HEISTERKAMP, BUSHNELL &**
                    **CARPENTER, LLP**

By: _____
                    Heather Lammers Bogard
                    Stephen C. Hoffman
                    Adam W. Shiffermiller
                    *Attorneys for Plaintiff*
                    P. O. Box 290
                    Rapid City, SD 57709
                    (605) 343-2410